PAUL L. REIN, Esq. (SBN 43053)
AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiffs
MICHAEL PARNELL AND JAMIE PARNELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PARNELL AND JAMIE PARNELL | CASE NO. 5:21-cv-1657<br>Civil Rights |
| Plaintiffs, | COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: |
| v. | 1.  Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*) |
| | 2.  Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52) |
| IDNANI BROTHERS, INC. dba TRAVELODGE INN & SUITES BY WYNDHAM YUCCA VALLEY | 3.  Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*) |
| Defendant. | DEMAND FOR JURY TRIAL |

Plaintiffs MICHAEL PARNELL and JAMIE PARNELL complains of Defendant IDNANI BROTHERS, INC. dba TRAVELODGE INN & SUITES BY WYNDHAM YUCCA VALLEY, and alleges as follows:

1.      **INTRODUCTION:**  On August 31, 2021, Defendant refused to allow disabled Plaintiff Michael Parnell, who requires the assistance of service dog, and his wife to stay at its hotel in Yucca Valley, California.  When Plaintiffs arrived for check-in at the Travelodge by Wyndham located at 54860 29 Palm Highway, Yucca Valley, California, the front desk manager of the hotel, asked whether the dog was "ADA or a service dog." When Plaintiff Jamie Parnell

1

identified the dog as a service dog, the employee asserted that Plaintiff had "admitted" that the dog was "not ADA" and refused to allow the Plaintiffs to check into the room.  Despite being shown a card by Plaintiff Michael Parnell with the service dog requirements of the ADA on it, Defendants repeatedly denied both Plaintiffs' requests to be allowed to stay.  Finally, after the discussion became heated, Defendant mimicked and mocked Plaintiff Michael Parnell's disability, dancing to simulate Plaintiff's tremors to end the conversation.  Later Plaintiffs called the Sheriff who requested information from the manager about the incident, but the manager refused to cooperate with the Sherriff or even give the Sherrif his name.

2.      This lawsuit follows to seek injunctive relief and damages against the owners and operators of Travelodge for denying full and equal access to Plaintiff Michael Parnell, a physically disabled person who uses a service dog, and Plaintiff Jamie Parnell, based on her association with her disabled husband.

3.      As a result of Defendant's illegal acts, Plaintiffs suffered denial of their civil rights and suffered physical, mental and emotional damages.  Plaintiffs' son and grandchildren live in Yucca Valley, California, and they travel there to stay overnight at least once per year.  Plaintiffs intend to return to patronize the Travelodge but cannot do so until the policies of the hotel are made accessible to disabled individuals who use service dogs and those associated with them, including revision of its service dog policies and necessary employee training and/or re-training.

4.      Plaintiffs have brought this lawsuit to force Defendant to change its discriminatory and illegal policies, and to force Defendant to compensate them for refusing to allow them to stay in the subject hotel because Plaintiff Michael Parness is a physically disabled person who needs the assistance of his qualified service dog and Plaintiff Jamie Parnell's close association with her disabled husband.  Plaintiffs seek an injunction to protect the rights of all disabled persons and those associated with them, including Plaintiffs, when accompanied by a qualified service dog at the Travelodge.

5.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

6. **VENUE:** Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

7. **INTRADISTRICT:** This case should be assigned to the Eastern Division because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

8. **PARTIES:** Plaintiff Michael Parnell is a "qualified" physically disabled person. He is a Vietnam veteran who suffered a severe head injury during his services which has had a lasting effect on him both physically and mentally. Plaintiff Michael Parnell suffers from severe non-essential tremors, degenerative arthritis necessitating two knee replacements and a cervical fusion, and post-traumatic stress disorder. Plaintiff Michael Parnell relies upon his service dog, a golden doodle named "Mabel," to assist him with the mobility tasks. Mabel has been trained to provide Plaintiff Michael Parnell with balance support while he is walking. Mabel wears a rigid harness for him to hold on to and use for support as he walks, and Mabel has also been trained to stabilize Plaintiff Michael Parnell while he stands or walks by leaning against him to provide a counterweight for him. Mabel is also trained to assist Plaintiff Michael Parnell with retrieving objects and getting out of chairs. Plaintiff and Mabel have been working together for five years. Both Plaintiff and Mabel received assistance from a professional service dog trainer when they first began working together. Plaintiff Michael Parnell is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

9. Plaintiff Jamie Parnell is Plaintiff Michael Parnell's wife and caregiver. Plaintiff Jamie Parnell is and was directly affected by the Defendant's wrongful acts, omissions, and policies which directly denied her access to a room at Defendant's hotel as a result of her association with disabled Plaintiff Michael Parnell. Plaintiff Jamie Parnell has standing for injunctive relief and damages under state law and under the Americans with Disabilities Act of 1990. Per 42 U.S.C. section 12182(b)(1)(E), "It shall be discriminatory to exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other

opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."  *Nevarez v. Forty Niners Football Co., LLC*, No. 16-CV-07013-LHK, 2017 WL 3288634, at *5 (N.D. Cal. Aug. 1, 2017).  Plaintiff Jamie Parnell suffered an injury that is "specific, direct and separate from" that of her husband.  *Id.* at *5.  At all relevant times herein mentioned, Plaintiff Jamie Parnell was with Plaintiff Michael Parnell and suffered damages due to her associative standing as her companion during the August 31, 2021, incident described herein.  Both have been and will be deterred by these discriminatory acts and policies of Defendant described herein until these policies are changed and Defendant is required by injunction and court order to provide and enforce nondiscriminatory policies

10.     Defendant IDNANI BROTHERS, INC. dba TRAVELODGE INN & SUITES BY WYNDHAM YUCCA VALLEY, is and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business, property and building located at 54860 29 Palm Highway, Yucca Valley, California, California known as the Travelodge by Wyndham.

11.     The Travelodge is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

12.     **FACTUAL STATEMENT:**  Plaintiff Michael Parnell has been working with his service dog Mabel for five years.  Mabel is a golden doodle who was professionally trained to be a service dog.  In addition to the professional training, Plaintiff Michal Parnell has trained Mabel to serve his specific needs throughout their relationship.

13.     Mabel is a working dog; she is not a pet.  Plaintiff Michael Parnell and Mabel have trained extensively together, and they supplement that training daily.  Plaintiff takes Mabel everywhere with him in public.  It is important they stay together at all times because (a) Mabel provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond.  Where Plaintiff Michael Parnell goes, Mabel goes.  At all times relevant to the complaint Mabel wore a harness that clearly and

4

prominently identified her as a service animal as depicted below:





COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

14.     Plaintiffs live in Utah, but they generally take at least one or more trips per year to Yucca Valley, California, to visit their son and grandchildren who live there.  Due to the Covid-19 pandemic, Plaintiffs were unable to take any trips in 2020 or the beginning of 2021.  However, by the end of August, they decided to make the 12-hour drive from their home to Yucca Valley.

15.     When they drive to California, Plaintiff Jamie Parnell always makes plans ahead of time about where they will stay overnight and reserves hotel rooms along the way and for when they arrive.  On August 24, 2021, Plaintiff Jamie Parnell called the Travelodge in Yucca City, California to reserve a room for the night of August 31, 2021.  When she made the reservation, she made sure that the hotel knew that Plaintiff Michael Parnell uses a service dog. While Plaintiff Jamie Parnell was making the reservation the Travelodge employee she spoke to asked her "if the dog was ADA or a service dog."  Although Plaintiff Jamie Parnell was not entirely certain what the employee was referring to, she said that of course Mabel was "ADA" since that is the law that allows service dogs to accompany disabled persons in public accommodations. Based on the phone calls and confirmations they had received from the hotels they reserved, Plaintiffs were confident that they would not have any issues.

16.     Plaintiffs arrived at the Travelodge in Yucca Valley on August 31, 2021, at around 3:30 pm.  Plaintiff Michael Parnell went to check into the hotel while Plaintiff Jamie Parnell waited in the car with Mabel.

17.     The lobby of the Travelodge was locked, but there was a note on the lobby door indicating that guests could check-in at the window around the corner from the lobby.  Plaintiff Michael Parnell walked around the corner, found the window, and lightly tapped on it to get the attention of the Travelodge employee inside.  The employee turned around and yelled at him to "WAIT!"  Plaintiff Michael Parnell was startled, humiliated, and embarrassed by the employee's demeanor and reaction.  Plaintiff Michael Parnell understands that his PTSD can cause him to overreact in situations like this, so he decided it would be better to remove himself from the situation.  Plaintiff Michael Parnell walked back to the car and asked Plaintiff Jamie Parnell to check them into the Travelodge.

18.     It was clear to Plaintiff Jamie Parnell that her husband was upset by the interaction

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

with the Travelodge employee, so she agreed to go check them in.  Plaintiff Jamie Parnell exited their car and Plaintiff Michael Parnell got back in the car to wait with Mabel.  Plaintiff Jamie Parnell, forgetting her mask, approached the check-in window, and the employee behind the window yelled at her to go get a mask on.  She complied with his request and returned to the window with a mask on.  Plaintiff Jamie Parnell approached and said, "We have reservations, I'd like to check in."  The employee responded, "you have a dog?"  Plaintiff Jamie Parnell explained that Mabel is her husbands service dog.  The employee then asked, "is she service or ADA?"

19.     Plaintiff Jamie Parnell was confused by this question, and she reiterated that Mabel is a service dog.  The Travelodge employee then said, "You just admitted to me that you don't know what ADA is.  You can't stay here."  He then slammed the window shut and yelled at her to leave.  Plaintiff Jamie Parnell knocked on the window and asked the employee if he was going to refund her money, and he nodded in the affirmative.

20.     Plaintiff Jamie Parnell was shocked and upset by this interaction with the Travelodge employee.  She returned to the car and told her husband about what had happened.  She explained that they would not be able to stay at the Travelodge due to Mabel's presence.  Plaintiff Michael Parnell was understandably very upset.  He got out of the car and went back to the check-in window to discuss the situation with the Travelodge employee.  The employee refused to open the window to discuss the situation.  Plaintiff Michael Parnell asked the Travelodge employee to look at a card which he carries with that explains the federal laws dealing with service dogs.

21.     The Travelodge employee refused to look at the card and continued to yell at Plaintiff.  Plaintiff Michael Parnell became agitated and told the man he was being a "jackass."  The Travelodge employee then began to mock Plaintiff Michael Parnell by dancing around and mimicking Plaintiff's tremor disability.  At this point Plaintiff Michael Parnell was extremely upset, agitated, embarrassed, and angry.  He returned to the car, and Plaintiffs left the Travelodge.

22.     Plaintiffs drove to their son's house.  Their son suggested that Plaintiffs file a police report about the incident.  Plaintiffs agreed that it was a good idea since it *might* prevent the Travelodge from discriminating against disabled service dog owners in the future.  They

7

drove back to the Travelodge (and waited on the street outside the property line instead of in the parking lot) and called the Sheriff's Department to report the incident.  Plaintiffs then had to wait around two hours for a deputy from the Sheriff's Department to arrive so that they could file a report about the incident.  The deputy also tried to take a statement from the Travelodge employee, but the man refused to even provide the deputy with his name.

23.      After they had given their statements to the Sheriff's Department, Plaintiffs found another hotel and checked in.  By this time, they were both very upset and exhausted.  They only had time to see their son and grandchildren for about an hour before they had to return to their hotel for the night.  Plaintiffs left for home early on the morning of September 1, 2021, without seeing their family.  Their trip was completely ruined, and they had lost at least three hours of time with their son and grandchildren who they had not seen for two years.

24.      Plaintiffs were both profoundly affected by the discrimination at the Travelodge. Plaintiff Michael Parnell had difficulty sleeping for over ten days after the incident, and his speech was also affected for couple of days.  It is still very difficult for him to talk about what happened.  Plaintiff Jamie Parnell was also very upset by the incident, especially because of the time she lost with her son and grandchildren.  Further, as Plaintiff Michael Parnell's caregiver, she was extremely concerned about his health and well-being which caused her added stress and difficulty in her work with him.  It took a lot of time and effort on her part to help him heal from the traumatic discrimination he experienced as a result of their interactions at the Travelodge.

25.      Plaintiffs plan and intend to return to the Travelodge by Wyndham, but only *after* Defendant's have implemented proper service animal policies and training of its staff.  Plaintiffs are deterred from returning to the hotel until these policies and training are in place.

### FIRST CAUSE OF ACTION:
### DAMAGES AND INJUNCTIVE RELIEF
### FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES IN A PUBLIC ACCOMMODATION
### (Civil Code §§ 54 *et seq.*)

26.      Plaintiffs re-plead and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 25 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

8

27.     Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

28.     Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities and those associated with them to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited."  Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

29.     Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

30.     Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2."  This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

31.     Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

32.     The Travelodge is a public accommodation within the meaning of the CDPA.  On information and belief, Defendant is the owners, operators, lessors or lessees of the public accommodation.

33.     Defendant made the decision to knowingly and willfully exclude Plaintiff Michael Parnell, his service dog, and Plaintiff Jamie Parnell from its public accommodation.  It thereby denied Plaintiff Michael Parnell his right of entrance into its place of business with his service dog and Plaintiff Jamie Parnell her right of entrance as a person associated with a disabled person.  As a result of that decision Plaintiffs have faced the continuing discrimination of being barred from entering this public accommodation and place of business based upon Defendant's illegal prohibition of their legally protected use of Plaintiff Michael Parnell's service dog.  Plaintiffs have continued to suffer denial of access to these facilities, and face the prospect of unpleasant and discriminatory treatment should they attempt to return to these facilities.  Plaintiffs are unable to return to the Travelodge until they receive the protection of this Court's injunctive relief, and they have continued to suffer discrimination on a daily basis since August 31, 2021, all to their statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and 54.3 and California Penal Code section 365.5.

34.     **INJUNCTIVE RELIEF:**  Plaintiffs seek injunctive relief to prohibit the acts and omissions of Defendant as complained of herein which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiffs and other members of the public who are physically disabled, including mobility disabled individuals who require the assistance of service animals, and those associated with them from full and equal access to these public facilities.  Such acts and omissions, including mocking Plaintiff's disability, are the cause of humiliation and mental and emotional suffering of Plaintiffs in that these actions continue to treat Plaintiffs as inferior and second-class citizens and serve to discriminate against them on the sole basis that Plaintiff Michael Parnell is a person with disabilities who requires the assistance of a service animal, and Plaintiff Jamie Parnell's status as a person who is associated with him.

35.     Plaintiffs wish to return to patronize the Travelodge but are deterred from returning to use these facilities, because the lack of access and the significant policy barriers will

10

foreseeably cause them further difficulty, discomfort and embarrassment, and Plaintiffs are unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities.  Therefore, Plaintiffs cannot return to patronize the Travelodge and its facilities and are deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff Michael Parnell and other mobility disabled persons and disabled individuals who require the assistance of a service animal and those associated with them such as Plaintiff Jamie Parnell.

36.     The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiffs if not enjoined by this Court.  Plaintiffs seek injunctive relief as to Defendant's inaccessible policies.   As to the Defendant that currently own, operate, and/or lease (from or to) the subject premises, Plaintiffs seek preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons and those associated with them, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

37.     Wherefore Plaintiffs ask this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiffs in the ways complained of and to require Defendant to comply forthwith with the applicable statutory requirements relating to access for disabled persons and those associated with them.  Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws. Plaintiffs further requests that the Court award damages pursuant to Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as hereinafter prayed for.

38.     **DAMAGES:**  As a result of the denial of full and equal access to the described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiffs have suffered a violation of their civil rights, including but not limited to rights under Civil Code sections 54 and 54.1, and have suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to their damages per Civil Code section 54.3, including general and statutory

damages, and treble damages, as hereinafter stated.  Defendant's actions and omissions to act constitute discrimination against Plaintiffs on the basis that Plaintiff Michael Parnell was and is physically disabled and unable, because of the policy barriers created and/or maintained by the Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons and based on Plaintiff Jamie Parnell's association with her husband.  The violations have deterred Plaintiffs from returning to attempt to patronize the Travelodge and will continue to cause them damages each day these barriers to access and policy barriers continue to be present.

39.  **TREBLE DAMAGES:**  Plaintiffs have been damaged by Defendant's wrongful conduct and seeks the relief that is afforded by Civil Code sections 54, 54.1, and 54.3.  At all times herein mentioned, Defendant was fully aware that significant numbers of potential users of its public facilities were and are and will be physically disabled persons, including mobility-impaired persons and those individuals who require the assistance of a service animal and those associated with them, and would have need of facilities that complied with California Title 24 and ADAAG standards for accessible facilities.  Despite this knowledge, Defendant installed and maintained the policy barriers complained of, and failed to remove these barriers, and have failed to provide and maintain properly accessible facilities, including but not limited to those previously noted hereinabove, as required by state and federal law.  On information and belief, Defendant has ignored complaints about the lack of proper disabled access by Plaintiffs and by other disabled persons and those associated with them.  Defendant has continued its illegal and discriminatory practices despite actual knowledge that persons with physical mobility disabilities and those associated with them may attempt to patronize the subject Travelodge and encounter illegal service dog policy barriers which deny them full and equal access when they do so.

40.  At all times herein mentioned, Defendant knew, or in the exercise of reasonable diligence should have known, that its practices at the subject facilities violated disabled access requirements and standards, and would have a discriminatory effect upon Plaintiffs and upon other disabled persons who work with service dogs and those associated with them, but Defendant has failed to rectify the violations, and presently continue a course of conduct of maintaining policy barriers that discriminate against Plaintiffs and similarly situated disabled

persons.  Moreover, upon Plaintiff's assertion of his rights under the ADA, Defendant's representative deliberately ignored notice of the law's requirements, then mocked Plaintiff's disability. For the foregoing reasons, Plaintiffs allege that an award of statutory treble damages is appropriate.

41.     Further, although it is not necessary for Plaintiffs to prove wrongful intent in order to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or were made aware of their duties to refrain from establishing discriminatory policies against physically disabled persons and those associated with them, prior to the filing of this complaint.  Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs and those associated with them, and its implementation of such a discriminatory policy against Plaintiffs, indicate actual and implied malice toward Plaintiffs and conscious disregard for their rights and safety.

42.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiffs' rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons and those associated with them.  Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiffs' lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

43.     Plaintiffs suffered damages as above described as a result of Defendant's violations.  Damages are ongoing based on their deterrence from returning to the Travelodge.

WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

//

//

//

13

**SECOND CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL**
**CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES**
**ACT AS INCORPORATED**
**BY CIVIL CODE SECTION 51(f)**

44.     Plaintiffs re-plead and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporates them herein as if separately re-pleaded.

45.     At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

46.     California Civil Code section 52 provides that the discrimination by Defendant against Plaintiffs on the basis of Plaintiff Michael Parnell's disability and Plaintiff Jamie Parnell's association with her husband constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

47.     Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

48.     Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief pursuant to California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

49.     The actions and omissions of Defendant as herein alleged constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs and

those associated with them within the meaning of California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiffs in violation of Civil Code sections 51 and 52, and are responsible for statutory, compensatory and treble damages to Plaintiffs, according to proof.

50.     Defendant, in engaging in the conduct set forth above, refused to do business with Plaintiffs and refused Plaintiffs' service.  Plaintiffs allege on information and belief that such refusal and denial of service was due to Plaintiff Michael Parnell's disability and use of his service dog in violation of Civil Code § 51.5 and Plaintiff Jamie Parnell's association with him.

51.     **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiffs have been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce Plaintiffs' rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiffs therefore seek recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code sections 51 and 52.  Additionally, Plaintiffs' lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public and those associated with them, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

52.     Plaintiffs suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 USC §§ 12101 *et seq.*)

53.     Plaintiffs replead and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 52, above, and incorporates them herein by reference as if separately repled hereafter.

54.     In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or

mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

55.     The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

56.     Plaintiff Michael Parnell is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990. Plaintiff Jamie Parnell is his wife, and she has standing for injunctive relief and damages under state law and under the Americans with Disabilities Act of 1990 through her association with Plaintiff Michael Parnell and due to damages she personally incurred as a result of the incident on August 31, 2021.  Per 28 CFR § 36.2015, "A public accommodation shall not exclude or otherwise deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association."

57.     The Travelodge is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(A).

58.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

59.     Under the "2010 Revised ADA Requirements: Service Animals," as published by

the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go." ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

60.     Defendant has a policy and practice of denying and restricting access to patrons with service animals.

61.     On information and belief, as of the date of Plaintiffs' most recent visit to the Travelodge on or about August 31, 2021, Defendant continues to deny full and equal access to Plaintiffs and to discriminate against Plaintiffs on the basis of Michael Parnell's disabilities and Jamie Parnell's association with him, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

62.     In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
>
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

63.     As part of the ADA, Congress passed "Title III - Public Accommodations and

Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "inn, hotel, motel, or other place of lodging." 42 USC § 12181(7)(A).

64.     The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiffs' rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

18

65.     The removal of each of the policy barriers complained of by Plaintiffs as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA.  As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law.  In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

66.     On information and belief, as of the dates of Plaintiffs' encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiffs and to other disabled persons who work with service dogs and those who accompany them, which violates Plaintiffs' right to full and equal access and which discriminates against them on the basis of Plaintiff Michael Parnell's disabilities and Plaintiff Jamie Parnell's association with him, thus wrongfully denying to Plaintiffs the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

67.     Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiffs are entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiffs are being subjected to discrimination on the basis of Plaintiff Michael Parnell's disabilities and Plaintiff Jamie Parnell's association with him in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiffs and other disabled persons and those associated with them to "full and equal" access to this public accommodation since on or before Plaintiffs' encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

68.     Plaintiffs seek relief pursuant to remedies set forth in section 204(a) of the Civil

19

Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990.  Plaintiff Michael Parnell is a qualified disabled person for purposes of section 12188(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may use the property and premises, or attempt to patronize the Travelodge, in light of Defendant's policy barriers. Plaintiff Jamie Parnell seeks similar relief as she continues to be discriminated against based upon her association with disabled Plaintiff Michael Parnell.

WHEREFORE, Plaintiffs pray for relief as hereinafter stated.

**PRAYER**

Plaintiffs have no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiffs have suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiffs are granted the relief they request.  Plaintiffs and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiffs Michael Parnell and Jamie Parnell pray for judgment and the following specific relief against Defendant:

1.     An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a.   From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.   To modify their policies and practices to accommodate service dog users and those associated with them in conformity with federal and state law, and to advise Plaintiff Michael Parnell that his service dog will not be excluded should he desire to enter and use the services of the Travelodge;

    c.   That the Court issue preliminary and permanent injunction directing Defendant as

20

1    current owners, operators, lessors, and/or lessees and/or their agents of the subject

2    property and premises to modify the above described property, premises, policies

3    and related policies and practices to provide full and equal access to all persons,

4    including persons with physical disabilities; and issue a preliminary and permanent

5    injunction pursuant to ADA section 12188(a) and state law directing Defendant to

6    provide facilities usable by Plaintiffs and similarly situated persons with

7    disabilities and those associated with them, and which provide full and equal

8    access, as required by law, and to maintain such accessible facilities once they are

9    provided and to train Defendant's employees and agents in how to recognize

10    disabled persons and accommodate their rights and needs;

11        d.    An order retaining jurisdiction of this case until Defendant has fully complied with

12            the orders of this Court, and there is a reasonable assurance that Defendant will

13            continue to comply in the future absent continuing jurisdiction;

14    2.    An award to Plaintiffs of statutory, actual, general, treble, and punitive damages in

15    amounts within the jurisdiction of the Court, all according to proof;

16    3.    An award of civil penalty as against Defendant under California Penal Code §

17    365.5(c);

18    4.    An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California

19    Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise

20    permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

21    5.    An award of prejudgment interest pursuant to Civil Code § 3291;

22    6.    Interest on monetary awards as permitted by law; and

23    7.    Grant such other and further relief as this Court may deem just and proper.

24    Date: September 30, 2021                REIN & CLEFTON

25                            ___/s/ Aaron M. Clefton___

26                        By AARON M. CLEFTON, Esq.
                        Attorneys for Plaintiffs
27                        MICHAEL PARNELL and JAMIE
                        PARNELL
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: September 30, 2021                         REIN & CLEFTON

                                                 _____/s/ Aaron M. Clefton_____
                                                 By AARON M. CLEFTON, Esq.
                                                 Attorneys for Plaintiffs
                                                 MICHAEL PARNELL and JAMIE
                                                 PARNELL

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES